**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIMA KANU,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 12-71485<br><br>Agency No. A095-415-072<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Brima Kanu, a native and citizen of Sierra Leone, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's determination that, even if Kanu was credible, he did not establish that he suffered past persecution by Revolutionary United Front rebels on account of a protected ground, including his actual or imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (petitioner who refused to join guerrillas did not establish they would persecute him because of his political opinion rather than because of his refusal to fight with them); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150-51 (9th Cir. 2000) (petitioner did not show kidnapings and beatings in forced conscription efforts were on account of a protected ground). Contrary to Kanu's contention, the record supports the agency's finding that he was not politically involved, and we reject his contentions that this finding was tainted by the IJ's adverse credibility determination and/or that the BIA's analysis was inadequate.

Further, Kanu does not contest the BIA's findings with respect to fear of future persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Kanu's asylum and withholding of removal claims fail.

Finally, Kanu does not make any arguments regarding CAT relief. *See id.*

**PETITION FOR REVIEW DENIED.**